UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80177-CR-BLOOM/MATTHEWMAN

UNITED STATES OF AMERICA,

v.

FELIPE BENITEZ AGUILAR,
    a/k/a Felipe Benitez,
    a/k/a Helder Conelio Barbosa,

        Defendant.
_____/

FILED BY ___SW___ D.C.

Aug 6, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S SECOND CONSOLIDATED MOTION FOR SENTENCE REDUCTION AND RELATED MOTIONS [DEs 49, 50, 51]

**THIS CAUSE** is before the Court upon the following: (1) Defendant Felipe Benitez Aguilar's ("Defendant") [Second] Consolidated Motion for Sentence Reduction Under 18 U.S.C. § 3582 and Motion for Appointment of Counsel ("Second Consolidated Motion for Sentence Reduction") [DE 49]; (2) Defendant's Motion for an Order Directing the Government to Procure/Produce [Defendant's] Post-Rehabilitation Documents in Support of 18 U.S.C. § 3582 ("Motion for Production of Rehabilitation Documents") [DE 50]; (3) Motion for an Order Directing the Government to Procure/Produce [Defendant's] Medical Records and Additional Information in Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582 ("Motion for Production of Medical Records") [DE 51]; and (4) the Government's Omnibus Response in Opposition to Defendant's Second Consolidated Motions for Sentence Reduction and Miscellaneous Relief ("Omnibus Response") [DE 54]. The Second Consolidated Motion for Sentence Reduction [DE 49], Motion for Production of Rehabilitation Documents [DE 50], and

1

Motion for Production of Medical Records [DE 51] were referred to the Undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, for a report and recommendation. *See* DE 52. Defendant elected not to file a timely Reply to the Government's Omnibus Response.

The Court has reviewed the three motions, the Government's Omnibus Response, the additional related filings, and the entire docket in this case. For the reasons explained below, the Undersigned U.S. Magistrate Judge **RECOMMENDS** that the U.S. District Judge **DENY** Defendant's motions.

## I. BACKGROUND

On September 19, 2017, a federal grand jury indicted Defendant on one count of possession with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"); one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 2"); one count of alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A) ("Count 3"); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count 4"); and one count of illegal re-entry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) & (b)(2) ("Count 5"). [DE 10]. Subsequently, on November 9, 2017, the Court conducted a change of plea hearing, wherein Defendant pled guilty to Counts 1, 2, and 3, with the Government agreeing to seek dismissal of Counts 4 and 5 of the Indictment at sentencing. [DEs 24, 26, 27].

The Court conducted a sentencing hearing on January 16, 2018, sentencing Defendant to 240 months imprisonment on Count 1, and to 120 months imprisonment on Counts 2 and 3, to be

served concurrently with Count 1. [DEs 36, 37]. The Court also sentenced Defendant to "supervised release for a term of 10 years[,]" with the term "consist[ing] of 10 years as to Count 1 and 3 years as to each of Counts 2 & 3, to run concurrently to Count 1." [DE 37 at 3]. Counts 4 and 5 were dismissed. *See* DEs 26, 37.

Five years later, on November 28, 2023, Defendant filed a Consolidated Motion for Sentence Reduction Under 18 U.S.C. § 3582 and Motion for Appointment of Counsel [DE 42], a Motion for an Order Directing the Government to Procure/Produce [Defendant's] Medical Records and Additional Medical [Information] in Support [of] Motion for Sentence Reduction Under 18 U.S.C. § 3582 [DE 43], and a Motion for an Order Directing the Government to Procure/Produce [Defendant's] Post-Rehabilitation Documents in Support of 18 U.S.C. § 3582 [DE 44].[1] And, the Government filed a Response in Opposition to the Consolidated Motion for Sentence Reduction. [DE 46].

The Court denied DE 43 via a Paperless Order, stating that "[t]here is no legal basis for this Court to order the government to procure/produce Petitioner's medical records."[2] [DE 45]. Similarly, the Court denied DE 42 via a Paperless Order, stating that Defendant "is ineligible for a sentence reduction under Amendment 821 because the Court already sentenced him to the lowest sentence available, which is the statutory minimum mandatory of 240 months." [DE 48]. The Court further stated that "[a] district court may not sentence a defendant to a term less than the statutory

---

[1] The documents were docketed on that date. While the documents were provided to prison officials for mailing and were thus filed earlier, the Undersigned uses the docket date for simplicity.
[2] The Court also terminated DE 44 following its Paperless Order, likely for the same reasons as stated in the Court's Paperless Order at DE 43.

3

minimum, regardless of the defendant's advisory guidelines range[,]" citing to *United States v. Jackson*, 613 F,3d 1305, 1307 (11th Cir. 2010). [DE 48].

Now, Defendant has filed a Second Consolidated Motion for Sentence Reduction [DE 49], a Motion for Production of Rehabilitation Documents [DE 50], and a Motion for Production of Medical Records [DE 51]. While the motions are similar to those filed by Defendant in November of 2023, Defendant's original Consolidated Motion for Sentence Reduction sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821. *See* DE 42 at 1. In the Second Consolidated Motion or Sentence Reduction, Defendant seeks a reduction pursuant to 18 U.S.C. § 3582, *et seq.*, 18 U.S.C. § 3553(a), U.S.S.G. § 1B1.13, and *both* Amendments 814 and 821. *See* DE 49 at 1.

## II.  MOTIONS AND OMNIBUS RESPONSE

A.  Second Consolidated Motion for Sentence Reduction [DE 49]

In Defendant's Second Consolidated Motion for Sentence Reduction [DE 49], Defendant—acting in a *pro se* capacity—"respectfully moves this Court pursuant [to] Amendment 814 and 821, in addition, to the newly-amended **18 U.S.C. § 3582, et seq.**, for an order reducing his sentence to time served based on several factors, that together satisfy '**extraordinary and compelling reasons**[.]'" [DE 49 at 1]. Defendant states that his "Compassionate Release Motion satisfies the 'extraordinary and compelling reasons' standard under **§ 3582(c)(1)(A)(i)**, as elaborated by the Sentencing Commission in **U.S.S.G. § 1B1.13**." *Id.* Moreover, "[a]fter considering the applicable factors set forth in **18 U.S.C. § 3553(a)**, [Defendant] respectfully requests that the Court reduce [his] sentence to time served and modify [his sentence] to the . . . strictest conditions . . . of supervised release to accommodate his probation." *Id.*

4

More specifically, first, according to Defendant, Amendment 814 "expands the list of 'extraordinary and compelling reasons' . . . to better account for the plain language of section **3582(c)(1)(A)** and its legislative history . . . ." [DE 49 at 2]. Second, with respect to Amendment 821, Defendant argues that "**1B1.10 Commentary Application Notes (1)(B)(iii) calls for review of post sentencing conduct**." *Id.* at 3. And third, Defendant cites to *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007)—which the Court notes has since been abrogated by *Dillon v. United States*, 560 U.S. 817 (2010)—arguing that district courts are "endowed with the discretion to depart from the Guidelines when issuing new sentences under § **3582(c)(2)**." *Id.* at 4–5.

Defendant also advances numerous other arguments or requests. Specifically, Defendant argues that "extraordinary and compelling reasons" justify a sentence reduction, as he has been incarcerated for several years, received an unusually long sentence, and has a "remarkable record of rehabilitation showing that, if released, he is no danger to the public." *Id.* at 6. Defendant also contends that his "extensive post-rehabilitation, physical and mental condition following his medical history forecloses a probability of dangerous recidivism." *Id.* at 7. Moreover, Defendant argues that, if released, the conditions of his supervised release should be modified and that he "should be allowed to formulate a solid release plan with the assistance of Counsel and the Probation Office during the administrative compassionate release proceedings." *Id.* at 8.

Further, Defendant seeks leave of Court to "allow for immediate family members and friends, potential employers, and other individuals acquainted and known to [Defendant] to submit and be acknowledged mitigating character letters in support for the § **3553(a)** analysis." *Id.* Defendant additionally argues that "[t]he USSG Commission (the Commission) recent studies demonstrate rehabilitation exist in the BOP and is working while recidivism is less likely to recur

5

with aged defendants over 50 as compared with younger 20 year olds." *Id.* at 9. And finally, Defendant "requests an attorney be appointed to help . . . in properly briefing the application of Amendment 821 and 814, and [to] obtain the documents and evidence surrounding housing, Family, Employment and necessary information and medical documents." *Id.* at 10–11.

    B.   <u>Motion for Production of Rehabilitation Documents [DE 50]</u>

In Defendant's Motion for Production of Rehabilitation Documents [DE 50], Defendant simply states that "all his records to his documents are available with his **Unit Counselor** at FCI YAZOO CITY LOW II, FEDERAL CORRECTIONAL INSTITUTION, P.O. BOX 5000, YAZOO CITY, MS 39194. The petitioner has attempted to obtain all his documents to provide the Court to no avail." [DE 50 at 1].

    C.   <u>Motion for Production of Medical Records [DE 51]</u>

In Defendant's Motion for Production of Medical Records [DE 51], Defendant states that his medical records are available at the BOP Medical Department, and that he "has attempted to obtain all his Medical Records to provide the Court to no avail." [DE 51 at 1]. Defendant "submits that it is difficult to obtain documents from staff due to restrictions and burdens placed on inmates due to institutional restrictions or burdens placed on inmates, or understaffing and counselors are rarely available." *Id.*

    D.   <u>Government's Omnibus Response [DE 54]</u>

The Government begins by outlining the procedural history of the case and by outlining Defendant's conduct that led to the charged offenses. [DE 54 at 1–5]. Thereafter, the Government argues that Defendant "is ineligible for a sentence reduction under Amendment 821 because the Court already sentenced him to the lowest sentence available—the statutory minimum

6

mandatory." *Id.* at 7. In this regard, the Government argues that "a district court may not sentence a defendant to a term less than the statutory minimum[.]" *Id.* Moreover, the Government contends that "[t]he Sentencing Commission cannot alter a statutory mandatory penalty." *Id.*

Further, to the extent that Defendant argues the Court should ignore his minimum mandatory sentence—and to the extent Defendant's arguments appear to be based on U.S.S.G. § 1B1.13(b)(6)—the Government contends that Defendant "cannot establish extraordinary and compelling reasons for a sentence reduction[,]" as Defendant has not yet been incarcerated for 10 years, and "there is no change in law that benefits" Defendant. *Id.* at 8. The Government also argues that Defendant "cannot rely on rehabilitation as the sole reason for a sentence reduction." *Id.* at 8. And, the Government contends that "the 18 U.S.C. § 3553(a) factors strongly weigh against granting [Defendant] any relief." *Id.* Consequently, the Government argues that the Court should deny Defendant's three recent pending motions. *Id.* at 9–10.

### III.   LEGAL ANALYSIS

"A 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." *United States v. Handlon*, 97 F.4th 829, 831 (11th Cir. 2024) (citing 18 U.S.C. § 3582(c)). Accordingly, pursuant to 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>
>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)–(2). Defendant seeks to modify his sentence under both 18 U.S.C. § 3582(c)(1) & (2). The Court will address both subsections, beginning with 18 U.S.C. § 3582(c)(2).

    A. <u>18 U.S.C. § 3582(c)(2)</u>

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has

8

subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). Amendment 821—the amendment pursuant to which Defendant is seeking to reduce his sentence—is a "Covered Amendment" under subsection (d). *See* U.S.S.G. § 1B1.10(d).

Under 18 U.S.C. § 3582(c)(2), there exists a two-step inquiry when determining whether to reduce a defendant's sentence. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.* In other words, "[a]t step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. At step two, "§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

With respect to step one, in determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding

9

guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

However, when following this two-step inquiry, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (alterations omitted) (quoting § 1B1.10(b)(2)(A)). And, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [U.S.S.G. § 1B1.10] . . . if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A). Stated differently, the Court may not reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2) below the statutory mandatory minimum sentence for an offense as a result of an amendment. *See id.* Indeed, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

In the instant case, according to the Government, "[a]t sentencing, [Defendant's] total offense level was 31, with a criminal history category of II, which yielded an advisory guideline range of 121–151 months' imprisonment." [DE 54 at 7]. However, Defendant's statutory minimum term of imprisonment was 240 months or twenty (20) years as to Count 1. *See* DE 26 at 2 ("Pursuant to Title 21, United States Code, Section 851, the defendant understands and acknowledges that, as to Count One, the Court must impose a statutory minimum term of **twenty (20) years** imprisonment up to a statutory maximum term of life imprisonment, followed by a term

of supervised release of at least ten (10) years up to life."). Accordingly, pursuant to U.S.S.G. § 1B1.10, Amendment 821 (as a Covered Amendment) cannot serve to reduce Defendant's sentence below the statutory minimum sentence of 240 months or twenty (20) years. *See* U.S.S.G. § 1B1.10 cmt. n.1(A).

Thus, Defendant's argument as to Amendment 821 is due to be denied and the Undersigned need not consider the factors under 18 U.S.C. § 3553(a). Any request for the appointment of counsel to advance further futile argument on Amendment 821, or for discovery related to Amendment 821, is also therefore due to be denied. Moreover, as the Court previously stated, there is no legal basis to order the Government to procure or produce Defendant's medical or rehabilitation documents. *See* DE 45.

B. <u>18 U.S.C. § 3582(c)(1)</u>

Pursuant to Amendment 814 and the newest version of U.S.S.G. § 1B1.13, Defendant argues that "extraordinary and compelling reasons" justify a sentence reduction, as he has been incarcerated for several years, has received an unusually long sentence, and has a "remarkable record of rehabilitation showing that, if released, he is no danger to the public." [DE 49 at 6]. Thus, Defendant essentially argues that his sentence should be reduced because he received an unusually long sentence, and because of his record of rehabilitation. Both arguments are without merit.

"Title 18, Section 3582(c)(1)(A) of the United States Code—commonly referred to as the 'compassionate release' provision—is a limited exception" to the general rule that a court may not modify a term of imprisonment once it has been imposed. *United States v. Chineag*, No. 01-CR-00607, 2024 WL 1332022, at *1 (S.D. Fla. Mar. 28, 2024). "[U]nder Section 3582(c)(1)(A)(i), the district court may reduce a movant's term of imprisonment if: (1) there are 'extraordinary and

11

compelling reasons' for doing so, (2) the factors listed in Section 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in Section 1B1.13." *United States v. Smith*, No. 14-CR-20014, 2024 WL 1529158, at *4 (S.D. Fla. Apr. 8, 2024). To this end, "in April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the Section 1B1.13 Policy Statement[.]" *Id.* at *3. The newest version of § 1B1.13 "identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under Section 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence." *Id.*

Specifically, as is pertinent for Defendant's Second Consolidated Motion for Sentence Reduction, under U.S.S.G. § 1B1.13(b)(6):

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Moreover, under U.S.S.G. § 1B1.13, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t).

However, even assuming a defendant can establish that there exists an unusually long sentence or rehabilitation and other factors constituting an extraordinary and compelling reason for a sentence reduction pursuant to § 1B1.13, "the Court must still determine that a sentence reduction remains consistent with 'the factors set forth in section 3553(a) to the extent that they

are applicable' before a sentence reduction is proper." *Smith*, 2024 WL 1529158, at *4 (citing *Handlon*, 97 F.4th at 831). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)–(7).

Here, Defendant was sentenced on January 16, 2018. *See* DE 36. Therefore, Defendant necessarily has not served at least ten years' imprisonment sufficient to warrant relief under U.S.S.G. § 1B1.13(b)(6). Further, to the extent Defendant relies upon his purported rehabilitation, as stated earlier, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). Consequently, Defendant's main arguments pertaining to 18 U.S.C. § 3582(c)(1) are without merit and do not entitle him to any sentence reduction.

Additionally, to the extent Defendant briefly references other § 1B1.13 factors (such as those pertaining to Defendant's medical circumstances), the Court notes that Defendant's arguments are perfunctory. In any event, the Undersigned need not address Defendant's medical or other circumstances because Defendant cannot meet the requisite factors under 18 U.S.C. §

13

3553(a). Indeed, the Court is particularly concerned with the nature and circumstances of Defendant's conviction and the history and characteristics of Defendant. *See* DE 54 at 2–5. Specifically, this was a case involving narcotics trafficking and possession of a firearm by a convicted felon, and Defendant was previously removed from the United States twice before, as aptly noted by the Government in its Omnibus Response. *See* DE 54 at 2–5; *see also* DE 27. And, in fact, Defendant has not sufficiently demonstrated that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See* 18 U.S.C. § 3582(c)(1); *see also Chineag*, 2024 WL 1332022, at *3 ("[F]or defendant-filed motions brought under Section 3582(c)(1)(A), the defendant must first meet the administrative exhaustion requirement, 18 U.S.C. § 3582(c)(1)(A), and the defendant bears the burden of establishing that compassionate release is warranted[.]").

Thus, whether examining the § 1B1.13 factors, the § 3553(a) factors, or even looking at the sufficiency of Defendant's Second Consolidated Motion for Sentence Reduction, Defendant's motion is without merit. So, too, are Defendant's related motions for document production and his request for the appointment of counsel to advance a futile argument. Indeed, again, as previously stated, there is no legal basis to order the Government to procure or produce Defendant's medical or rehabilitation documents. *See* DE 45.

## IV.    CONCLUSION

Based on the foregoing, the Undersigned U.S. Magistrate Judge hereby **RECOMMENDS** that the U.S. District Judge DENY the Second Consolidated Motion for Sentence Reduction [DE 49] (including the request for the appointment of counsel contained therein), the Motion for

Production of Rehabilitation Documents [DE 50], and the Motion for Production of Medical Records [DE 51].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Beth Bloom. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of August 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge